**VOGEL BACH & HORN, LLP**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
Shirin Movahed, Esq.
1441 Broadway, 5th Floor
New York, New York 10018
Tel. (212) 242-8350
Fax (646) 607-2075

*Proposed Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Bronx Realty Enterprises Corp., | Case No. 16-12889 (SHL) |
| Debtor. | |

**DECLARATION OF SANFORD SOLNY PURSUANT**
**TO LOCAL BANKRUPTCY RULE 1007-2**

1.    I, Sanford Solny, am an officer and equity owner of the above debtor and debtor-in-possession (the "***Debtor***"), a New York Corporation with offices at 5308 13th Avenue, Brooklyn, New York 11219. This declaration is submitted by the Debtor pursuant to the Local Rules of this Court, in connection with filing of a Chapter 11 case by the above Debtor.

2.    The Debtor is in the business of owning a certain property located at 969 E 167 Street, Bronx, NY 10459 (the "***Property***"). The Property contains three apartment units, one of which is vacant.  The tenant payments yield the Debtor approximately $2,800 per month.  One unit is in arrears in the amount of $4,500 and the other $2,600.  Once the Debtor is able to rent the vacant unit, such will yield the Debtor approximately $1,000 per month.

3.      The Property was purchased by the Debtor in or around April of 2013.   The Property is the subject of a foreclosure action pending in the Bronx County Supreme Court titled *Federation National Mortgage Association v. Bienvendio Diaz, et al.* under Index No. 2008/38096. where a judgment was entered.   The auction of the Property is currently scheduled for Monday, October 17, 2016.

4.      Currently the lender asserts that there is approximately $780,000 owing to it. This chapter 11 filing was necessary to thwart a "fire sale" sale process, which may result in a loss of any equity that the Debtor may have in the Property.   While it is unclear at this juncture the amount of equity, if any, a fire sale process will eliminate any possible value that may inure to the benefit of the debtor and its other creditors.   During this chapter 11, the Debtor intends to either negotiate a structured payout with the lender pursuant to a plan of reorganization or sell the property in an organized non-fire sale process which will ensure the highest and best value.

5.      Pursuant to rule 1007-2(a)(4) of the Local Bankruptcy Rules annexed hereto as **Exhibit "1"** is a list containing the names and addresses of the Debtor's twenty (20) largest unsecured creditors, excluding insiders.

6.      Pursuant to Rule 1007-2(a)(5) of the Local Bankruptcy Rules, annexed hereto as **Exhibit "2"** is a list containing the names of the holders of the Debtor's five (5) largest secured creditors.

7.      Pursuant to Rule 1007-2(a)(6) of the Local Bankruptcy Rules annexed hereto as **Exhibit "3"** is an internal estimate of the Debtor's assets and liabilities.

8.      The Debtor is a corporation. The Debtor has no publicly held securities.

9.      The Debtor's office is located at 5308 13th Avenue, Brooklyn, New York 11219.

10.     The Debtor's substantial assets consist of the Property. The Debtor's books and records are located at 5308 13th Avenue, Brooklyn, New York 11219.  The Debtor's books and records are in control of the Debtor and the company that manages the Property – A to Z Management Corp.

11.     As noted supra, the Property is the subject of a mortgage foreclosure proceeding in the Supreme Court of the State of New York, County of Bronx.  To the best of my knowledge, the Debtor is not a party to any other litigation.

12.     I am the Debtor's President and I handle, with the assistance of the Management Company, the Debtor's day-to-day affairs. The Debtor has no employees. The Debtor has no payroll.

13.     The Debtor does not propose to make any payments to the Debtor's officers, stockholders and directors for the 30-day period following the filing of the Chapter 11 petition.

14.     In the next 30 days, the Debtor expects to collect approximately $2,800 and disburse approximately $1,000.

15.     The Debtor intends to operate and manage its business and property pursuant to the provisions of Chapter 11 of Title 11 of the United States Code.

16.     The Debtor believes that under the aegis of the Bankruptcy Court, it will be able to restructure its business for the benefit of all constituents.

-3-

Under penalty of perjury, I affirm that the facts set forth herein are accurate to the best of my knowledge.

Dated: October 16, 2016

_____*/s/ Sanford Solny*_____
Sanford Solny

# EXHIBIT 1

## DEBTOR'S TOP 20 UNSECURED CREDITORS

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Bronx Realty Enterprises Corp.** |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Domingo Fernandez 756 Calhoun Ave Bronx, NY 10465-2403** | | | | | | **$9,378.00** |
| **Jeffrey Edelman, Esq. 200 Schermerhorn St Brooklyn, NY 11201-5889** | | | | | | **$4,000.00** |
| **Kollel Advanced Planning 1303 53rd St Ste 151 Brooklyn, NY 11219-3823** | | | | | | **$30,000.00** |
| **Yisroel Legal Services 3813 13th Ave Brooklyn, NY 11218-3603** | | | | | | **$370.00** |

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

## **EXHIBIT 2**

## **DEBTOR'S 5 LARGEST SECURED CREDITORS**

Federation National Mortgage Association                    $780,000
3900 Wisconsin Ave NW
Washington, DC, 20016
(202) 752-7000

**EXHIBIT 3**

## SUMMARY OF ESTIMATED ASSETS AND LIABILITIES

### ASSETS

| | |
|---|---|
| Real Estate | TBD |
| **Total Assets** | **TBD** |

### LIABILITIES

| | |
|---|---|
| Mortgage Loan Payable | $780,000 |
| Trade Debt | $43,748 (Estimated) |
| **Total Liabilities** | **$823,748** |

-7-